# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ANTWINE JABAR RIVERA,<br><br>    Petitioner,<br><br>v.<br><br>THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al.,<br><br>    Respondents. | Case No. 24–cv–07079–ESK<br><br>OPINION |

**KIEL, U.S.D.J.**

    **THIS MATTER** comes before the Court on petitioner Antwine Jabar Rivera's motion to stay his federal habeas corpus proceedings while he pursues a motion for a new trial in the state courts (Motion). (ECF No. 4.) Respondents Attorney General of the State of New Jersey and Matt Platkin have not submitted any opposition. For the following reasons, I will deny the Motion without prejudice. Petitioner may have 45 days to either submit a revised motion to stay or a reply to respondents' answer.

## I.    FACTS AND PROCEDURAL HISTORY

    Petitioner was convicted of first-degree murder, N.J.S.A. 2C:11-3(a)(1), (2); second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a); second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b); and second-degree possession of a firearm by a convicted person, N.J.S.A. 2C:39-7(b)(1). (ECF No. 5–11 p. 1.) On April 7, 2014, he was sentenced to 60 years, subject to an 85 % parole disqualifier, on the murder conviction with concurrent terms of 10 years with five years of parole ineligibility for the weapons possession charges. (*Id.*) The New Jersey Superior Court Appellate Division

(Appellate Division) affirmed petitioner's convictions and sentence on April 13, 2016. *State v. Rivera*, No. A–3854–13T3, 2016 WL 1454490, at *10 (N.J. Super. Ct. App. Div. Apr. 13, 2016) (*Rivera I*). The New Jersey Supreme Court denied certification on July 26, 2016. *State v. Rivera*, 227 N.J. 128 (2016).

Petitioner filed a post-conviction relief (PCR) petition on February 7, 2017. (ECF No. 5–17 p. 2.) He raised claims of ineffective assistance of trial and appellate counsels as well as newly discovered evidence of the post-trial firing of the State's lead investigator. (*Id.* pp. 8, 9, 10, 11.) Counsel was appointed, and the PCR court conducted an evidentiary hearing to address petitioner's claims that trial counsel was ineffective during plea negotiations, in preparing for trial and reviewing discovery with petitioner, and by failing to call alibi witnesses at trial. *State v. Rivera*, No. A–0078–21, 2023 WL 3880409, at *2 (N.J. Super. Ct. App. Div. June 8, 2023) (*Rivera II*). The PCR court denied the PCR petition on July 29, 2021. (ECF No. 5–20.) The Appellate Division affirmed the PCR court's decision. *Rivera II*, 2023 WL 3880409, at *6. The New Jersey Supreme Court denied certification on December 8, 2023. *State v. Rivera*, 256 N.J. 69 (2023).

Petitioner filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Petition) on June 17, 2024. (ECF No. 1.) I ordered respondents to file an answer on June 28, 2024. (ECF No. 2.) Petitioner filed this Motion on July 24, 2024 asking to stay the habeas proceedings while he exhausted a claim in the state courts. (ECF No. 4.)

**II.   LEGAL STANDARD**

Section 2254 states in relevant part that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the

remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).

Upon being presented with a "mixed petition" raising both exhausted and unexhausted claims, the district court must either dismiss the unexhausted claims and proceed with the exhausted claims, or stay the habeas proceedings to permit the petitioner to exhaust the unexhausted claims while suspending the limitations period on the exhausted claims.  *Rhines v. Weber*, 544 U.S. 269, 275-78 (2005).  Before granting such a stay, the Court must examine whether good cause exists for the petitioner's failure to exhaust all claims in state court, whether the unexhausted claims are potentially meritorious, and whether the petitioner is employing the litigation simply as means of delay.  *Rhines*, 544 U.S. at 277; *Gerber v. Varano*, 512 F. App'x 131, 135 (3d Cir. 2013).

### III.  DISCUSSION

Petitioner asks to stay these proceedings because he would like to file a motion for a new trial in the state courts based on newly discovered evidence "that the State not only failed to disclose that favorable treatment was given to its primary and critical witness but that the State actively misled the jury during the trial that the witness had not been promised any favorable treatment …." (ECF No. 4–1 p. 4 .)  Petitioner states that the alleged eyewitness, Ameerah Ball, had pending criminal charges during petitioner's trial and that "[t]he State repeatedly told the jury that Ms. Ball had not been promised any favorable treatment for her testimony.  Yet just [73] days after [p]etitioner was sentenced, the State, without any notice to [p]etitioner, administratively dismissed all charges against Ms. Ball …." (*Id.* p. 5.) Petitioner argues this violates *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) (*Brady/Giglio* claim).   (*Id.*)

I decline to stay the habeas proceedings. First, the Petition is not a "mixed petition" because the *Brady/Giglio* claim is not pending before the Court. The Petition includes claims that the trial court erred in failing to grant a new trial based on the medical examiner's testimony, (ECF No. 1 p. 7); trial counsel had a conflict of interest, (*id.* p. 8); the verdict was against the weight of the evidence, (*id.* p. 10); the prosecutor made improper remarks during trial and summation, (*id.* p. 11); trial counsel was ineffective, (*id.* p. 12); petitioner should have received a new trial due to police misconduct, (*id.* p. 15); and that appellate counsel was ineffective, (*id.* p. 16). The Petition never alleges that the State failed to disclose any promises of favorable treatment given to Ms. Ball.

Moreover, petitioner certified that he had presented all claims to the highest state court and that there were no unexhausted claims. (*Id.* p. 17.) He also acknowledged that he had been notified that he had to "include in this petition all the grounds for relief from the conviction or sentence" he was challenging and that "if [he] fail[ed] to set forth all the grounds in this petition, [he] may be barred from presenting additional grounds at a later date." (*Id.* p. 19.) The Motion provides no explanation as to why the *Brady/Giglio* claim was not included in the Petition.

Even if petitioner had included the *Brady/Giglio* claim in the Petition, he has not shown good cause for failing to exhaust it prior to filing in federal court. Petitioner does not explain why he did not raise the *Brady/Giglio* claim in his direct appeal or PCR proceedings beyond a vague statement that there were "independent state grounds." (ECF No. 4–2 p. 3.) This is not enough information for me to conclude that petitioner had good cause for failing to exhaust the claim or that he is not engaging in abusive litigation tactics or intentional delay.

I will deny the Motion without prejudice. Petitioner will have 45 days to either submit a new motion to stay that addresses the deficiencies noted above or to file a response to respondents' answer.

## IV.   CONCLUSION

For the reasons stated above, I will deny the motion to stay without prejudice. An appropriate Order accompanies this Opinion.

          */s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

Dated:  September 3, 2024