# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **ANTWINE JABAR RIVERA,** | Case No. 24–cv–07079–ESK |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al.,** | |
| **Respondents.** | |

**KIEL, U.S.D.J.**

**THIS MATTER** comes before the Court on petitioner Antwine Jabar Rivera's  motion to amend (Motion to Amend) his habeas corpus petition (Petition) (ECF No. 8), and motion to stay the federal habeas corpus proceedings while he pursues a motion for a new trial in the state courts (Motion to Stay) (ECF No. 9.)   Respondents Attorney General of the State of New Jersey and Matt Platkin oppose the Motion to Amend but take no position on the Motion to Stay.   (ECF No. 10.)   For the following reasons, I will grant both motions. The Petition will be stayed while petitioner pursues relief in the state courts.

## I.    FACTS AND PROCEDURAL HISTORY

Petitioner was convicted of first-degree murder, N.J.S.A. 2C:11–3(a)(1), (2); second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39–4(a); second-degree unlawful possession of a handgun, N.J.S.A. 2C:39–5(b); and second-degree possession of a firearm by a convicted person, N.J.S.A. 2C:39–7(b)(1).   (ECF No. 5–11 p. 1.)   On April 7, 2014, he was sentenced to 60 years, subject to an 85 % parole disqualifier, on the murder conviction with concurrent terms of 10 years with five years of parole ineligibility for the

weapons possession charges.    (*Id.*)    The New Jersey Superior Court Appellate Division (Appellate Division) affirmed petitioner's convictions and sentence on April 13, 2016.    *State v. Rivera*, No. A–3854–13T3, 2016 WL 1454490, at *10 (N.J. Super. Ct. App. Div. Apr. 13, 2016) (*Rivera I*).    The New Jersey Supreme Court denied certification on July 26, 2016.    *State v. Rivera*, 227 N.J. 128 (2016).

Petitioner filed a post-conviction relief (PCR) petition on February 7, 2017. (ECF No. 5–17 p. 2.)    He raised claims of ineffective assistance of trial and appellate counsels as well as newly discovered evidence of the post-trial firing of the State's lead investigator.    (*Id.* pp. 8, 9, 10, 11.)    Counsel was appointed, and the PCR court conducted an evidentiary hearing to address petitioner's claims that trial counsel was ineffective during plea negotiations, in preparing for trial and reviewing discovery with petitioner, and by failing to call alibi witnesses at trial.    *State v. Rivera*, No. A–0078–21, 2023 WL 3880409, at *2 (N.J. Super. Ct. App. Div. June 8, 2023) (*Rivera II*).    The PCR court denied the PCR petition on July 29, 2021.    (ECF No. 5–20.)    The Appellate Division affirmed the PCR court's decision.    *Rivera II*, 2023 WL 3880409, at *6.    The New Jersey Supreme Court denied certification on December 8, 2023.    *State v. Rivera*, 256 N.J. 69 (2023).

Petitioner filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 17, 2024.    (ECF No. 1.)    I ordered respondents to file an answer on June 28, 2024.    (ECF No. 2.)    On July 24, 2024, petitioner asked to stay these proceedings in order to file a motion for a new trial in the state courts based on newly discovered evidence "that the State not only failed to disclose that favorable treatment was given to its primary and critical witness but that the State actively misled the jury during the trial that the witness had not been promised any favorable treatment …."    (*Brady*/*Giglio* claim) (ECF No. 4–1 p. 4 .)

On September 3, 2024, I denied the motion without prejudice as petitioner did not include the *Brady*/*Giglio* claim in the Petition and did not address why he had failed to exhaust the *Brady*/*Giglio* claim in his PCR petition.   (ECF No. 7.)   I permitted petitioner to file an amended motion to stay.   (*Id.*)   Petitioner submitted his Motion to Stay and Motion to Amend on September 27, 2024.   (ECF Nos. 8 & 9.)   Respondents filed their opposition to the Motion to Amend on October 9, 2024.   (ECF No. 10.)

## II.   LEGAL STANDARD

### A.   <u>Motion to Amend</u>

"The Federal Rules of Civil Procedure apply to motions to amend habeas corpus motions."   *United States v. Duffus*, 174 F.3d 333, 336 (3d Cir.), *cert. denied*, 528 U.S. 866 (1999); *see also* 28 U.S.C. § 2242.   Rule 15(a) provides that a party may amend his pleading once as a matter of course at any time before a responsive pleading is filed.   Once a responsive pleading is filed, petitioner may only amend his pleadings with respondents' written consent or by leave of court.   Fed. R. Civ. Pro. 15(a)(2).   Respondents answered the petition on August 9, 2024, (ECF No. 5), and object to the Motion to Amend, (ECF No. 10.)

A court may deny leave to amend a pleading where it court finds: (1) undue delay; (2) undue prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment.   *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).   "The court should freely give leave when justice so requires."   Fed. R. Civ. Pro. 15(a)(2).

### B.   <u>Motion to Stay</u>

Section 2254 states in relevant part that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."   28 U.S.C. § 2254(b)(1)(A).   "An applicant shall not be deemed to have exhausted the

remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."   28 U.S.C. § 2254(c).

Upon being presented with a "mixed petition" raising both exhausted and unexhausted claims, the district court must either dismiss the unexhausted claims and proceed with the exhausted claims, or stay the habeas proceedings to permit the petitioner to exhaust the unexhausted claims while suspending the limitations period on the exhausted claims.   *Rhines v. Weber*, 544 U.S. 269, 275–78 (2005).   Before granting such a stay, the Court must examine whether good cause exists for the petitioner's failure to exhaust all claims in state court, whether the unexhausted claims are potentially meritorious, and whether the petitioner is employing the litigation simply as means of delay.   *Rhines*, 544 U.S. at 277; *Gerber v. Varano*, 512 F. App'x 131, 135 (3d Cir. 2013).

### III.  DISCUSSION

#### A.  <u>Motion to Amend</u>

I denied petitioner's prior motion to stay in part because the *Brady*/*Giglio* claim had not been included in the Petition.   (ECF No. 6 p. 4.)   Petitioner now moves to amend the Petition to include the *Brady*/*Giglio* claim to correct that deficiency.   (ECF No. 8.)

Petitioner previously certified that he had presented all claims to the highest state court and that there were no unexhausted claims.   (ECF No. 1 p. 17.)   He also acknowledged that he had been notified that he had to "include in this petition all the grounds for relief from the conviction or sentence" he was challenging and that "if [he] fail[ed] to set forth all the grounds in this petition, [he] may be barred from presenting additional grounds at a later date."   (*Id.* p. 19.)   However, I am required to consider petitioner's pleadings with leniency as he is proceeding *pro se*.   The *Brady*/*Giglio* claim does not appear to be barred by the statute of limitations, and Respondents only object to the Motion to

4

Amend because petitioner has a pending motion for a new trial in the New Jersey Superior Court. "[T]here appears to be no identifiable reason why the [p]etitioner's single identified new claim would be litigated before the United States District Court of New Jersey instead of in his presently ongoing motion raised for the first time before the Superior Court." (ECF No. 10 pp. 1, 2.) They do not argue that they would be prejudiced by its inclusion, and I discern no reason that they would be.

Therefore, I find that the interests of justice would be served best by allowing petitioner to amend the Petition to include the *Brady*/*Giglio* claim. I will grant the Motion to Amend.

### B.    <u>Motion to Stay</u>

Having concluded that petitioner should be allowed to amend the Petition, I further conclude that the habeas proceedings should be stayed. I find that there is good cause to stay the § 2254 proceedings because it would not be an efficient use of court resources to continue when petitioner has active state court proceedings. The state courts' resolution of petitioner's motion for a new trial may impact the habeas proceedings, so it is better to allow the state courts to consider the *Brady*/*Giglio* claim in the first instance. Petitioner asserts that he did not complete state court exhaustion because his previously filed motion for a new trial was dismissed by the state courts as his PCR petition was still pending. (ECF No. 9 p. 6.) If true, this is a satisfactory reason for not completing exhaustion before filing the Petition. Moreover, the *Brady*/*Giglio* claim is not plainly meritless, and there is no indication that petitioner is engaging in intentionally dilatory litigation tactics as he is currently litigating the *Brady*/*Giglio* claim in state court. *See Rhines v. Weber*, 544 U.S. 269 (2005). Respondents took no position on the Motion to Stay. (ECF No. 10 p. 2.)

5

The Clerk will be ordered to administratively terminate the Petition. Administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of this order, it is not subject to the statute of limitations time bar if it was originally submitted timely. *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner mailbox rule); *Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275–76 (3d Cir. 2013) (collecting cases and explaining that a district court retains jurisdiction over, and can reopen, administratively closed cases).

Petitioner shall file a notice with the Court within 30 days of completing state court exhaustion. I will reopen the proceedings upon receipt of the notice and provide respondents time to submit a supplemental answer.

## IV.  CONCLUSION

For the reasons stated above, I will grant the Motion to Amend and the Motion to Stay. An appropriate Order accompanies this Opinion.

                              /s/ Edward S. Kiel
                              EDWARD S. KIEL
                              UNITED STATES DISTRICT JUDGE

Dated: May 13, 2025